UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

**12 CIV 0057**

William Torres

                            Plaintiff,

          -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, KINGS COUNTY DISTRICT ATTORNEY
CHARLES J. HYNES, in his individual and official capacity
as an employee of the Kings County District Attorney's Office,
POLICE OFFICER William RYAN Shield 4885,
POLICE OFFICERS JOHN DOE # 1 through approximately
# 5, the names being fictitious and presently unknown, in their
individual and official capacities as employees of the City of
New York Police Department
                                  Defendants.
------------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**



    The Plaintiff, William Torres, by his attorney, Gregory Zenon, Esq., of The Law Office of Gregory Zenon, alleges the following, upon information and belief for this Complaint:

## NATURE OF THE ACTION / PRELIMINARY STATEMENT

    1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, 1988, the Fourth, Fifth, Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, Kings County District Attorney Charles J. Hynes in his individual and official capacity, and against Police Officer Ryan and Police Officers John Doe # 1-5, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

    2.    This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

## VENUE

    3.    Under 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York because the defendant NEW YORK CITY POLICE DEPARTMENT, particularly New York County, has its headquarters located within the boundaries of the Southern District of New York.

## PARTIES

    4.    Plaintiff at all times relevant hereto resided in the City and State of New York.

    5.    That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. KINGS COUNTY DISTRICT ATTORNEY CHARLES J. HYNES was at all times relevant hereto, an employee of the defendant THE CITY OF NEW YORK. The OFFICE OF THE KINGS COUNTY DISTRICT ATTORNEY is an agency of the CITY OF NEW YORK. Therefore, DEFENDANT DISTRICT ATTORNEY, and the CITY OF NEW YORK, are responsible for the actions of the employees of the KINGS COUNTY DISTRICT ATTORNEY, including torts, that are committed within the scope of said employment and/or under color of law.

8. That at all times hereinafter mentioned, and on information and belief, the defendant Police Officer Ryan and/or additional defendant Police Officers, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

9. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

10. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as employees of the defendant THE CITY OF NEW YORK and/or police officers employed by THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and/or employees of defendant, THE CITY OF NEW YORK.

11. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

12. At the time of the incident Plaintiff was a 40 year old American citizen and father of two teenage children. He has been living with and treating Hepatitis C since 1992.

13. On January 8, 2009, Mr. Torres was arrested and charged with Burglary in the 2nd Degree and related charges. From that day forward Mr. Torres informed the police that he was innocent, and, when he learned the nature of the charges, that there was video of the incident that would exonerate him. The police ignored his request and their duty to investigate.

14. The next day, on January 9, 2009, Mr. Torres was arraigned in Kings County Criminal Court on the Burglary charges and informed his counsel that there was video of the incident that would exonerate him. His counsel made a record of this Brady material at the arraignment and requested Mr. Torres be released. The Kings County District Attorney was thus put on notice as of that date. Nonetheless, the Kings County District Attorney requested bail, which was granted, and my client remained in custody.

15. On January 14, 2009 Mr. Torres testified in the Grand Jury in this matter and made the same representations about the existence of video of the incident that would exonerate him. Nonetheless, the NYPD and

the Kings County District Attorney chose to refuse to investigate. My client was indicted without the presentation of this evidence and remained in custody.

16.  On May 28, 2009, the case was in Kings County Supreme Court, Part PD85. My client was still in custody at that time. On that date, the Kings County District Attorney made an oral motion to dismiss the case against my client based on a review of the video of the incident, which exonerated my client. This was the same video my client and his attorney had demanded be reviewed from the inception of the case.

17.  While at the precinct, Mr. Torres was denied a phone call and food.

18.  My client remained falsely incarcerated for approximately over four months and twenty days.

19.  While falsely incarcerated my client's medical condition worsened and he required weekly shots.

20.  While falsely incarcerated my client underwent severe psychological trauma and sought psychiatric treatment approximately eight times.

21.  A simple and proper investigation would have revealed that my client was innocent.

22.  This arrest, prosecution and incarceration were committed without legal process or probable cause.

23.  Defendants acted maliciously and intentionally, and are examples of gross misconduct.

24.  As a direct and proximate result of the malicious and outrageous conduct of defendants as set forth above, Mr. Torres suffered injuries including but not limited to assault and battery, emotional trauma, harm and distress, mental anguish, fear, embarrassment, humiliation, loss of liberty, loss of property, psychological injury and suffering.

## FIRST CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

25.  Paragraphs 1 through 24 are herein incorporated by reference.

26.  Defendants subjected plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

27.  Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

28.  As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

## SECOND CAUSE OF ACTION
(MUNICIPAL LIABILTY and NEGLIGENT HIRING, TRAINING and SUPERVISION)

29.  Paragraphs 1 through 28 are incorporated herein by reference.

30.  Defendant CITY OF NEW YORK is liable for the damages suffered by the plaintiff as a result of the conduct of its employees, agents, and servants.

31.  Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

32.  Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

33.  Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving

misconduct. Defendant CITY OF NEW YORK committed intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and disciple its agents, servants, and/or employees of the KINGS COUNTY DISTRICT ATTORNEY and NEW YORK CITY POLICE DEPARTMENT with regard to their aforementioned duties.

34. Defendant CITY OF NEW YORK has damaged the plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

35. Defendants subjected plaintiff to false arrest and false imprisonment.

36. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### THIRD CAUSE OF ACTION
(FOURTH AMENDMENT)

37. Paragraphs 1 through 36 are incorporated herein by reference.

38. Defendant Officer Ryan illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty with probable cause.

39. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

40. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### FOURTH CAUSE OF ACTION
(FOURTEENTH AMENDMENT)

41. Paragraphs 1 through 40 are incorporated herein by reference.

42. Defendant Officer Ryan illegally arrested plaintiff subjecting him to false arrest, imprisonment and deprivation of liberty with probable cause.

43. That as a result of the foregoing, the plaintiff has been deprived of his following rights, privileges and immunities secured him by the constitution and the laws of the United States: the right to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights of the plaintiff not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of his civil rights in violation of the statutes made and provided.

44. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

### FIFTH CAUSE OF ACTION
(ASSAULT)

45. Paragraphs 1 through 44 are incorporated herein by reference.

46. That the Court has pendant jurisdiction of this claim.

47. That as a result of the foregoing, the defendant Officer Ryan intentionally put the plaintiff in fear and fright of imminent physical harm.

48. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendants Ryan, NEW YORK CITY POLICE DEPARTMENT, KINGS COUNTY DISTRICT ATTORNEY CHARLES J. HYNES, and CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## SIX CAUSE OF ACTION
### (BATTERY)

49. Paragraphs 1 through 48 are incorporated herein by reference.

50. Defendant Ryan battered the plaintiff.

51. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendants Ryan, NEW YORK CITY POLICE DEPARTMENT, KINGS COUNTY DISTRICT ATTORNEY CHARLES J. HYNES, and CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

## SEVENTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

52. Paragraphs 1 through 51 are incorporated herein by reference.

53. Defendants caused a false accusatory instrument to be filed against plaintiff.

54. The criminal instrument was dismissed and the criminal proceedings favorably terminated.

55. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

56. Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars as a result of the malicious prosecution implemented by the defendants.

## REQUEST FOR RELIEF

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. Awarding plaintiff One Million ($1,000,000.00) Dollars on each of Cause of Action;

B. Awarding plaintiff punitive damages of One Million ($1,000,000.00) Dollars on each of Cause of Action;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: 5 January 2012
New York, New York

_____
Gregory Zenon, The Law Office of Gregory Zenon
110 Wall Street, 11th Floor
New York, New York 10005
212.380.8582
zenonlaw@yahoo.com
Attorney for Plaintiff